# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Gale and Shelene Halvorson, Husband and Wife, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) Case No: 3:09-cv-75 |
| Auto-Owners Insurance Company and Owners Insurance Company, | )<br>) **REPORT AND**<br>) **RECOMMENDATION** |
| Defendants. | )<br>) |

On December 10, 2008, plaintiffs, Gale and Shelene Halvorson ("Halvorsons"), filed a complaint for class action relief against defendants ("Auto-Owners") in the Superior Court of the State of Arizona in Pima County. (Doc. #1). On January 9, 2009, the Halvorsons' case was removed from Pima County Superior Court to this court. Id. On February 28, 2011, the Halvorsons filed an amended complaint. (Doc. #88). The amended complaint alleges that Auto-Owners used a third-party bill review process to systematically reduce the amount paid on PIP claims. Id. Plaintiffs seek damages for breach of contract and bad faith, in addition to declaratory relief. Id. On July 3, 2013, the Eighth Circuit Court of Appeals ruled the case was not proper for class certification. (Doc. #134). The case now involves only the plaintiffs' individual claims, and the amount of their actual contract damages is $122.27. (See Doc. #142). In addition, they seek an unspecified amount for bad faith and pre-judgment interest.[1]

Federal courts hold only limited jurisdiction. They have only the power authorized by Article III of the Constitution and by Congressional statute enacted pursuant to Article III.

---

[1] The court notes attorney fees are no longer recoverable as an item of damages because plaintiffs' counsel withdrew from representation without requesting attorney fees from plaintiffs. (Doc. #142).

Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986). It is fundamental that the court must have subject matter jurisdiction in order to take any action on the case before it. Matter of Buchanon, 600 F.2d 160, 164 (8th Cir. 1979). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Defendants removed this action to federal court based on diversity jurisdiction. (Doc. #1). Diversity jurisdiction exists where the amount in controversy is greater than $75,000 and where there is complete diversity of citizenship. 28 U.S.C. § 1332(a).

Halvorsons' amount in controversy is $122.27, plus pre-judgment interest on that amount and a proportional amount for bad faith denial or reduction of their insurance claim. The total amount of their claim is decidedly below the minimum requirement of $75,000 for diversity jurisdiction. Accordingly, the court no longer has subject-matter jurisdiction over their claim. It is **RECOMMENDED** that the case be **REMANDED** back to the Superior Court of the State of Arizona in Pima County.

Dated this 2nd day of December, 2013.

/s/ *Karen K. Klein*
Karen K. Klein
United States Magistrate Judge

**NOTICE OF RIGHT TO OBJECT**

Pursuant to Rule 72(a) and (b), Federal Rules of Civil Procedure, and District of North Dakota Local Court Civil Rule 72.1(D)(2) and (3), any party may object to this Report and Recommendation by filing with the Clerk of Court no later than December 19, 2013, a pleading specifically identifying those portions of the Report and Recommendation to which objection is

made and the basis of any objection. Failure to object or to comply with this procedure may forfeit the right to seek review in the Court of Appeals.